IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WOONIK, COLLEEN AMBROSE, MR. STEWART, and JOHN DOES # 1-4,<br><br>Defendants. | CV 15-00089-GF-BMM-JTJ<br><br>ORDER |

Pending is Plaintiff Laurence Stewart's Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 2.) Mr. Stewart alleges Defendants violated his First Amendment right to free speech and access to the courts and Fourteenth Amendment due process right when he was punished for writing "threatening" language in a grievance.

The Court has considered whether Mr. Stewart's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Stewart has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. The identified

1

Defendants must respond to the Complaint.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

The Complaint also names Doe defendants.  The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  The Federal Rules of Civil Procedure prescribe the process that a plaintiff must follow if he wishes to add as defendants subsequently identified individuals.  Should a plaintiff learn the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, the plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after

commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names, and the Court will not investigate the names and identities of unnamed defendants.

The Court will recommend the dismissal of all John Doe defendants without prejudice. Should Mr. Stewart learn the identities of these individuals, he may file a motion to amend his complaint to identify these individuals.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Berkebile, Arnold, Spiegle, Weaver, Batista, Woonik, Ambrose, and Stewart waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **30 days of the entry date reflected on the Notice of Electronic Filing**. If Defendants Berkebile, Arnold, Spiegle, Weaver, Batista, Woonik, Ambrose, and Stewart choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall e-mail the following document to Legal Counsel for the Montana Department of Corrections and Crossroads Correctional Center:

3

* Complaint (Doc. 2);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections and counsel for Crossroads Correctional Center will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Stewart <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5. At all times during the pendency of this action, Mr. Stewart must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATION**

All John Does defendants should be **DISMISSED WITHOUT PREJUDICE**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Stewart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this _____ day of February, 2016.

_____
John Johnston
United States Magistrate Judge
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WOONIK, COLLEEN AMBROSE, MR. STEWART, and JOHN DOES # 1-4,<br><br>Defendants. | CV 15-00089-GF-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the complaint is attached.

This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see

the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 19th day of February, 2016.

      /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WOONIK, COLLEEN AMBROSE, MR. STEWART, and JOHN DOES # 1-4,<br><br>Defendants. | CV 15-00089-GF-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To: Chad E. Adams
Browning Kaleczyc Berry & Hoven
PO Box 1697
Helena, MT 59624-1697

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the complaint is attached.

This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 19th day of February, 2016.

      /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WOONIK, COLLEEN AMBROSE, MR. STEWART, and JOHN DOES # 1-4,<br><br>Defendants. | CV 15-00089-GF-BMM-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

    The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

    The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

    Defendants also understand that they must file and serve an answer or a

motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)