IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WOONIK, COLLEEN AMBROSE, and MR. STEWART,[1]<br><br>Defendants. | CV 15-00089-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Defendants' Batista, Wodnick and Ambrose's Motion to Dismiss. (Doc. 14.) The motion should be denied in part and granted in part.

**A. Motion to Dismiss Standard**

Rule 12(b) (6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the

---

[1] The case caption has been amended to reflect the March 15, 2016 dismissal of all John Doe Defendants. (Doc. 8.)

1

complaint in question and construe the pleading in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007)*; Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cnty of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). To survive dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Allegations and Claims Presented

In his Complaint, Mr. Stewart alleged the Warden of Montana State Prison (MSP) placed him on a grievance restriction on May 27, 2015, because he allegedly submitted grievances with abusive language toward staff. He was transferred to Crossroads Correctional Center on June 9, 2015. On June 30, 2015, while at Crossroads, Mr. Stewart wrote an informal grievance to MSP which

contained sexual, abusive, hostile and threatening language. On July 2, 2015, Mr. Stewart was placed in "the hole" and received a write up for submitting a grievance with threatening, obscene and obscure language about staff members at MSP. At his disciplinary hearing on July 7, 2015, Mr. Stewart argued that pursuant to the case of *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009), his grievance was protected by the First Amendment to the United States Constitution. He was nevertheless given twenty days in the hole. He appealed the discipline but his appeal was denied and the discipline upheld. On July 10, 2015, he was informed that the earlier grievance restriction would remain in place at Crossroads and that none of his grievances would be processed. (Doc. 2 at 10-11.)

In his Complaint, Mr. Stewart made the following allegation: "DOC Director Mike Batista and Deputy Director Lorain Woonik have allowed this sort of behavior to take place. They are or should be aware that the grievance policy/procedure does not properly reflect the law and is being used improperly to avoid having to answer grievances and does not reflect the protections from disciplinary action in Brohein v. Cry." Additionally, he alleged that "DOC Legal Head Colleen Ambrose should be ensuring that policy and practices is in line with the law. A change of policy should have been advised years ago." (Doc. 2 at 12.)

### C. Supervisory Liability

Defendants argue Mr. Stewart failed to state a plausible claim for supervisory liability against Defendants Batista, Wodnik, and Ambrose. In conducting the prescreening mandated by 28 U.S.C. §§ 1915, 1915A, the Court considered whether Mr. Stewart's Complaint failed to state a claim and whether Mr. Stewart had made plausible claims against Defendants Batista, Wodnik, and Ambrose. The Court found that Mr. Stewart had set forth sufficient facts to state a claim upon which relief could be granted against these Defendants. None of Defendants' arguments in the motion to dismiss change that analysis.

Mr. Stewart alleges the grievance policy promulgated by Defendants was unconstitutional pursuant to *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009). A supervisor may be held liable under § 1983 if he or she implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994)). Mr. Stewart has thus stated a claim against these Defendants at least as to his First Amendment claim.

Mr. Stewart has conceded that he cannot prevail on a denial of access to the court claim. That claim should be dismissed.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 14) should DENIED as to Mr. Stewart's First Amendment retaliation claim and GRANTED as to Mr. Stewart's denial of access to the courts claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of December 2016.

      /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.