# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>v.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WODNIK, COLLEEN AMBROSE, and MR. STEWART;<br><br>Defendants. | CV-15-89-GF-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

State Defendants Batista, Wodnick, and Ambrose moved to dismiss this case for failure to state a claim upon which relief can be granted under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Doc. 14.) United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter. (Doc. 25.) Judge Johnston recommended that the Court deny State Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim and grant their motion to dismiss Plaintiff's denial of access to the courts claim.

1

State Defendants filed an objection to Judge Johnston's Findings and Recommendations because it did not address their motion to dismiss Plaintiff's due process claim based on alleged non-processing of grievances. (Doc. 27.) The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I. BACKGROUND

Mr. Stewart alleges in his Complaint that the Warden of Montana State Prison (MSP) placed him on a grievance restriction on May 27, 2015. He asserts that he was placed on restriction because he allegedly submitted grievances with abusive language toward staff. MSP transferred him to Crossroads Correctional Center on June 9, 2015. On June 30, 2015, while at Crossroads, Mr. Stewart wrote an informal grievance to MSP which contained sexual, abusive, hostile, and threatening language. On July 2, 2015, Crossroads placed Mr. Stewart in "the hole." He received a write up for submitting a grievance with threatening, obscene, and obscure language about staff members at MSP.

At his disciplinary hearing on July 7, 2015, Mr. Stewart argued that pursuant to the case of *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009), his grievance was protected by the First Amendment to the United States Constitution. He was

nevertheless given twenty days in the hole. He appealed, but his appeal was denied and the discipline upheld. On July 10, 2015, he was informed that the earlier grievance restriction would remain in place at Crossroads and that none of his grievances would be processed. (Doc. 2 at 10-11.)

In his Complaint, Mr. Stewart made the following allegation: "DOC Director Mike Batista and Deputy Director Lorain Woonik [sic] have allowed this sort of behavior to take place. They are or should be aware that the grievance policy/procedure does not properly reflect the law and is being used improperly to avoid having to answer grievances and does not reflect the protections from disciplinary action in Brodhein v. Cry [sic]." Additionally, he alleged that "DOC Legal Head Colleen Ambrose should be ensuring that policy and practices is in line with the law. A change of policy should have been advised years ago." (Doc. 2 at 12.)

## II. DISCUSSION

The Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must consider all allegations of material fact in the complaint as true and construe the pleading in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not include "detailed factual allegations" to survive a Rule 12(b)(6) motion for dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint, however, must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. The complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "facially plausible" complaint pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### A. Plaintiff's Denial of Access to the Courts Claim

Judge Johnston stated in his Findings and Recommendations that Mr. Stewart has conceded that he cannot prevail on a denial of access to the court claim. (Doc. 25 at 4.) He recommended that the Court dismiss this claim. *Id.* State Defendants filed no objection to this recommendation. Mr. Stewart filed no objection. The Court determines no clear error exists in this recommendation.

### B. Plaintiff's First Amendment Retaliation Claim

Judge Johnston recommended that the Court deny State Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim. Mr. Stewart alleges the grievance policy promulgated by State Defendants was unconstitutional pursuant

4

to *Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009). A supervisor may be held liable under § 1983 if he or she implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994)). State Defendants filed no objection to this recommendation. Mr. Stewart filed no objection. The Court determines no clear error exists in Judge Johnston's recommendation to deny State Defendants' motion to dismiss this claim.

### C. Plaintiff's Due Process Claim Based on Alleged Non-Processing of Grievances

Plaintiff alleges that his due process rights were violated when the MSP and Crossroads denied to process his grievances after placing him on grievance restriction. (Doc. 2 at 8, 10-11.) Judge Johnston did not address this claim in his Findings and Recommendations. The Court reviews this portion of State Defendants' Motion to Dismiss de novo. State Defendants argue that no cognizable due process claim exists based on alleged non-processing of grievances. (Doc. 27 at 4.) "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The Court agrees and dismisses this claim.

# I. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 25) is **ADOPTED IN FULL**. State Defendants' Motion to Dismiss (Doc. 14) is **GRANTED** as to Plaintiff's denial of access to the courts claim. That claim is **DISMISSED WITH PREJUDICE**. State Defendants' Motion to Dismiss (Doc. 14) is **DENIED** as to Plaintiff's First Amendment retaliation claim. Further, based on the Court's de novo review, State Defendants' Motion to Dismiss (Doc. 14) is **GRANTED** as to Plaintiff's due process claim based on alleged non-processing of grievances. That claim is **DISMISSED WITH PREJUDICE**.

DATED this 6th day of April, 2017.

Brian Morris
United States District Court Judge