IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WODNIK, COLLEEN AMBROSE, and MR. STEWART,<br><br>　　　　Defendants. | CV 15-00089-GF-BMM-JTJ<br><br><br>Order and Findings and Recommendations of United States Magistrate Judge |

Pending before the Court are Plaintiff Laurence Stewart's motion to amend his complaint (Doc. 39) and motion for appointment of counsel (Doc. 41.)

## I. MOTION TO AMEND

Defendants did not respond to Mr. Stewart's motion to amend his complaint. Under Local Rule 7.1(d)(1)(B)(ii), the Court will deem this as an admission that the motion is well-taken.

Further, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Mr. Stewart seeks to amend his complaint to dismiss Defendant Stewart, to remove the

1

John Doe defendants,[1] to dismiss all Fourteenth Amendment claims, and to make minor changes to more accurately reflect the facts alleged. The motion will be granted.

## II. MOTION FOR APPOINTMENT OF COUNSEL

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

---

[1] All John Doe Defendants were dismissed by Order dated March 15, 2016. (Doc. 8.)

2

Cir. 1986) (citations omitted).

Mr. Stewart indicates he has been unable to obtain counsel due to his indigent status, he lacks the necessary skills and resources to litigate this case, opposing counsel has not made a good faith effort to discuss his questions regarding procedure, he had two pending cases, and this case seeks to challenge a Department of Corrections policy. (Doc. 42 at 1-2.) These are insufficient reasons to appoint counsel. Many indigent plaintiffs might fare better if represented by counsel, but this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331.

Mr. Stewart has not made an adequate showing of a likelihood of success on the merits to warrant a request of counsel and he has demonstrated his ability to articulate his claims pro se.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Stewart's Motion to Amend (Doc. 39) is GRANTED. The Clerk of Court is directed to file Mr. Stewart's Amended Complaint (Doc. 39-1).

2. Mr. Stewart's Motion for the Appointment of Counsel (Doc. 41) is DENIED.

3. Mr. Stewart must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Stewart should be DISMISSED.

2. All Fourteenth Amendment claims should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the district court's final judgment.

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

DATED this 10th day of July 2017.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge