IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART, | CV-15-89-GF-BMM-JTJ |
| Plaintiff, | |
| v. | |
| MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WODNIK, COLLEEN AMBROSE, and MR. STEWART; | **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |
| Defendants. | |

Plaintiff Laurence Stewart has moved this Court to amend his complaint (Doc. 39) and to appoint counsel (Doc. 41). United States Magistrate Judge John Johnston issued and Order and Findings and Recommendations in this matter. (Doc. 44.) Judge Johnston deemed Stewart's motion to amend his complaint as well-taken because Defendants did not respond. *Id.* at 1. Stewart sought to amend his complaint to dismiss Defendant Stewart, dismiss all Fourteenth Amendment claims, and make other minor changes to clarify his allegations. (Doc. 44 at 1-2.) Judge Johnston granted Stewart's motion to amend and directed the Clerk of Court to file his amended complaint. *Id.* at 3. Judge Johnston further ordered that

1

Stewart's motion for counsel was denied. Judge Johnston recommended that the Court dismiss Defendant Stewart and all Fourteenth Amendment claims. *Id.* at 4.

Stewart filed an objection that reiterated his arguments about needing counsel. (Doc. 50). The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I.    DISCUSSION

No constitutional right to be represented by appointed counsel exists when a plaintiff brings a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). A judge may request a lawyer to represent a plaintiff in a § 1983 lawsuit, but cannot order a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires evaluation of two factors. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). The Court must evaluate

the "likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Stewart argues that he has not been able to obtain counsel due to his indigent status. (Doc. 42 at 1-2.) He asserts that he lacks the necessary skills and resources to litigate this case. *Id.* He contends that opposing counsel has not made a good faith effort to discuss his procedure questions. *Id.* He further argues that he has two pending cases. *Id.* He asserts that this case seeks to challenge a Department of Corrections policy. *Id.*

The Court agrees with Judge Johnston's assessment that these arguments do not rise to the level of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell*, 935 F.2d at 1017 (9th Cir. 1991). Stewart has demonstrated his ability to articulate his claims pro se through his filings with this Court. He has not adequately shown that he will likely succeed on the merits.

## II.    ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 44) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendant Stewart is **DISMISSED**. All Fourteenth Amendment claims are also **DISMISSED**.

DATED this 28th day of July, 2017.

Brian Morris
United States District Court Judge