IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, MR. WEAVER, MIKE BATISTA, LORAINE WODNIK, and COLLEEN AMBROSE,<br><br>Defendants. | CV 15-00089-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 16, 2017, Plaintiff Laurence Stewart filed a Motion to Amend his Complaint (Doc. 60) and a Motion to Serve Amended Complaint and Direct Defendants to Answer (Doc. 61).[1]  The motions should be denied.

By way of background, this Court issued a Scheduling Order on May 19, 2017 requiring that all motions to amend the pleadings be filed on or before August 7, 2017.  (Doc. 37 at 7.)  That Order specifically provided that, "[n]o amendments will be allowed after this date without a showing of good cause and with leave of Court."  (Doc. 37 at 7 citing Fed. R. Civ. P. 16(b)(4) ("A schedule

---

[1] As Mr. Stewart has already filed an Amended Complaint in this matter (Doc. 45), he is actually seeking to file a Second Amended Complaint.

1

may be modified only for good cause and with the judge's consent.")).

In his motion to amend, Mr. Stewart first seeks to rename Chief of Security Stewart as a Defendant. Mr. Stewart named Chief Stewart as a Defendant in his original complaint. He then sought to amend his Complaint to dismiss Chief Stewart. (Doc. 44 at 1-2.) That motion was granted and Chief Stewart was dismissed on July 29, 2017. (Doc. 52.)

Mr. Stewart also seeks to add Warden Douglas Fender as a Defendant. Warden Fender was the Assistant Warden at the time that Mr. Stewart's allegations arose and he was mentioned in the original Complaint. (Doc. 2 at 12.)

Mr. Stewart seeks to add these Defendants based upon facts which he previously alleged and therefore he contends that both Defendants have been put on notice and should not be prejudiced. He also argues that he had no way of knowing the details of their involvement until now, through discovery. (Doc. 60.)

The CCA Defendants (Defendants Berkebile, Arnold, Spiegle, and Weaver) object to Mr. Stewart's amendment on the grounds that it is untimely, that Mr. Stewart has not shown good cause for his late amendment, and that it would prejudice the newly named Defendants since discovery has been completed in this matter. (Doc. 62.)

2

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *see In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. *Id.* at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. *Chudacoff v. Univ.*

*Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1153 (9th Cir. 2011) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court agrees with the CCA Defendants that an amendment to the pleadings is not proper at this stage of the litigation. Mr. Stewart has not shown diligence and therefore cannot establish good cause, the amendment would cause prejudice to the opposing parties, and it would create undue delay.

Mr. Stewart was aware of these individuals involvements in this case as he indicated in his original Complaint filed October 6, 2015, that Chief of Security Stewart and the Assistant Warden (now Warden Fender) likely made some decisions throughout this incident. (Doc. 2 at 12.) Despite his awareness of their involvement, there is no evidence that he made any attempt to conduct discovery or otherwise make a determination on the specifics of that involvement. He makes no showing that he was diligent in investigating the actions of these individuals

Mr. Stewart argues that he had no way of knowing the details of these Defendants' involvement until now, through the use of discovery, but he does not explain when or how he first became aware of the "details of these defendants involvement." He does not explain how or when he was advised that Chief of Security Stewart "approved the decision made by Spiegle and Arnold" and that Warden Fender upheld Weaver's decision finding him guilty of the disciplinary

4

write-up. Mr. Stewart failed to show good cause for filing his amendment so late in this litigation.

In addition, the Court agrees that to allow such an amendment at this late stage in the proceedings would prejudice Mr. Stewart and Warden Fender. Discovery was to be completed by December 11, 2017 and dispositive motions are due January 5, 2018. (Amended Scheduling Order, Doc. 57 at 2.) These individuals have not taken part in the discovery and the Court is not inclined to reopen discovery in this matter which has been pending since 2015.

Accordingly, the Court issues the following:

## RECOMMENDATION

Mr. Stewart's Motion to Amend his Complaint (Doc. 60) and Motion to Serve Amended Complaint and Direct Defendants to Answer (Doc. 61) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stewart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Stewart is being served

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of December, 2017.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge

---

by mail, he is entitled an additional three (3) days after the period would otherwise expire.