# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART<br><br>　　　　Plaintiff,<br><br>v.<br><br>MR. BERKEBILE, et al.,<br><br>　　　　Defendants. | CV-15-89-GF-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Laurence Stewart ("Stewart"), a prisoner proceeding pro se, filed his Complaint on October 10, 2015. (Doc. 2.) The Complaint alleges that Defendants violated Stewart's First Amendment rights by disciplining him for the contents of a grievance. (Doc. 2 at 5.)

United States Magistrate Judge John Johnston issued a Scheduling Order on May 19, 2017, setting a deadline of August 7, 2017, for amendment of the pleadings. (Doc. 37 at 7.) Stewart amended his complaint on July 10, 2017. (Doc. 44.) Stewart's Amended Complaint sought to dismiss Chief of Security Stewart ("Officer Stewart") from this action. (Doc. 44 at 1-2.)

1

Stewart filed the instant Motion to Amend his Complaint (Doc. 60) and a Motion to Serve Amended Complaint and Direct Defendants to Answer (Doc. 61) on November 16, 2017. Stewart's Second Amended Complaint seeks to rename Officer Stewart, and to add Warden Douglas Fender as a defendant. (Docs 60; 60-1 at 3.) Stewart claims that he discovered the involvement of Officer Stewart and Warden Fender through discovery. (Doc. 60.)

Judge Johnston issued Findings and Recommendations in this matter on December 18, 2017. (Doc. 63.) Judge Johnston recommended that the Court deny Stewart's Motion to Amend and Motion to Serve and Direct. (Doc. 63 at 5.)

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections, however, constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the original response, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Stewart filed an objection. (Doc. 75.) The document "reiterates" claims contained in the Motion to Amend (Doc. 60) and Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Amend (Doc. 60). (Doc. 75 at 1.) Judge Johnston considered these arguments in making his recommendation to the Court. Thus, the Court finds no specific objections that do not attempt to rehash the same arguments, and will review the Findings and Recommendations for clear error.

## LEGAL STANDARD

A motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) instructs that a court "should freely give leave [to amend] when justice so requires." F. R. Civ. P. 15(a)(2). The Rule 15(a) standard ceases to control once the court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). Rule 16 requires that a party seeking leave to amend demonstrate "good cause." Fed. R. Civ. P. 16(b).

The good cause standard "primarily considers the diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609. The moving party's reasons for seeking leave are of paramount concern. *Id*. Prejudice to the opposing party may provide secondary grounds for denial. *Id*. A lack of prejudice to the opposing party cannot establish good cause, however, absent a showing of diligence. *Id*.

3

## DISCUSSION

Judge Johnston found that Stewart had failed to demonstrate good cause because Stewart has failed to demonstrate diligence. (Doc. 63 at 4.)

Judge Johnston noted that Stewart's original complaint makes reference to "Chief Stewart and Assistant Warden" (now Warden Fender) indicating some awareness of their involvement in these alleged events. The Court finds no clear error in Judge Johnston's reasoning that Stewart's Motion to Amend lacks the necessary details to demonstrate diligence. (Doc. 63 at 4-5.)

Stewart's Reply (Doc. 64) and Objections (Doc. 75) similarly focus on whether Officer Stewart and Warden Fender would be prejudiced by amendment. The Court further finds no clear error in Judge Johnston's finding that granting Stewart leave to amend would prejudice Officer Stewart and Warden Fender, as these individuals were not afforded the ability to take part in discovery, which is now closed. (Doc. 63 at 5.) Even if amendment would not prejudice Officer Stewart and Warden Fender, such a showing would not establish good cause. *Johnson*, 975 F.2d at 609.

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 63) is **ADOPTED IN FULL**.

Stewart's Motion to Amend his Complaint (Doc. 60) and Motion to Serve Amended Complaint and Direct Defendants to Answer (Doc. 61) are **DENIED**.

DATED this 6th day of February, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge