IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BERKEBILE, MS. ARNOLD, MR. SPIEGLE, and MR. WEAVER,<br><br>Defendants. | CV 15-00089-GF-BMM<br><br>ORDER |

Pending are Plaintiff Laurence Stewart's Motion for Judgment as a Matter of Law or New Trial (Doc. 176), Motion for Transcripts (Doc. 179), Motion for Notice of Appeal (Doc. 182), Motion for Clarification (Doc. 183), and Application for Taxation of Costs (Doc. 184). The Court will address each filing.

**I. Motion for Judgment as a Matter of Law or New Trial**

This matter was tried before a jury on December 2, 2019, and the jury reached a verdict in favor of Mr. Stewart with regard to Defendant Weaver on December 3, 2019. (Doc. 174.) Mr. Stewart filed a Motion for a Judgment as a Matter of Law or Alternatively for a New Trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure on December 12, 2019. (Doc. 176.)

**A. Judgment as a Matter of Law Standard**

Federal Rule of Civil Procedure 50 governs a request for a judgment as a

1

matter of law. A court may grant a motion for judgment as a matter of law against the nonmoving party only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). The Ninth Circuit has made clear that a court "cannot disturb the jury's verdict if it is supported by substantial evidence." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999).

Substantial evidence means "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion" from the same evidence. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (internal quotation marks omitted). "Thus, although the court should review the record as a whole, it must disregard evidence favorable to the moving party that the jury is not required to believe, and may not substitute its view of the evidence for that of the jury." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 151 (2000). In other words, entry of judgment as a matter of law is warranted only "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Castro*, 833 F.3d at 1066 (internal quotation marks omitted).

### B. Motion for New Trial Standard

The Court considers Mr. Stewart's motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, a district court has the

discretion to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59 does not specify the grounds on which a motion for a new trial may be granted. As a result, courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (*quoting Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

The Ninth Circuit has determined that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729 (citation omitted). The Ninth Circuit has explained the Court's duty as follows:

> to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice.

*Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957). "[E]rroneous jury instructions, as well as the failure to give adequate

instructions, are also bases for a new trial." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (citations omitted).

The authority to grant a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). The Court "may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)(*citing Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241, 1248 (9th Cir.).)

### C. Analysis

Mr. Stewart raises five grounds that he contends entitle him either to a judgment as a matter of law or a new trial.

#### 1. Dismissal of Mr. Spiegle

Mr. Stewart first argues that the Court's dismissal of Defendant Spiegle immediately before trial precluded him from calling Mr. Spiegle as a witness at trial and thus prejudiced his case and entitles him to a new trial. (Doc. 177 at 1-2.) Mr. Stewart contends Mr. Spiegle's testimony was important to his case against Defendants Arnold and Berkebile based on the fact that Mr. Spiegle responded to two of Mr. Stewart's subsequent requests. Mr. Stewart argues this response demonstrates Mr. Spiegle's involvement in the disciplinary process. Mr. Stewart

4

also makes conclusory claims that Mr. Spiegle could have been more involved in Mr. Stewart's discipline and, therefore, he knows about Ms. Arnold's "motivations and feeling, etc." (Doc. 177 at 1.)

The Court's November 27, 2019 Order recognized Mr. Spiegle's limited involvement in this matter:

> The undisputed facts are that the only action taken by Defendant Spiegle at issue in this case is his placement of Mr. Stewart on a grievance restriction on or about July 10, 2015. (Doc. 104 at 8.) The Court has determined that the CCC defendants are entitled to the good faith defense with regard to the grievance restriction claim. Defendant Spiegle must be dismissed from this action. The CCC grievance restriction is not at issue for the upcoming trial.

(Doc. 159 at 7-8.) Mr. Spiegle's involvement was limited to the grievance restriction. The legality of the grievance restriction was not at issue in the trial. The trial addressed the disciplinary action taken against Mr. Stewart. Mr. Stewart has presented no evidence to suggest that Mr. Spiegle was involved in the initial disciplinary action taken against him. Mr. Spiegle's responses to Mr. Stewart's July 11, 2015, kite and his response to Mr. Stewart's July 3, 2015, grievance do not suggest otherwise. Mr. Stewart's arguments are speculative and lack evidentiary support. Mr. Stewart has failed to present a sufficient basis to find that he suffered prejudice by not being able to call Mr. Spiegle as a witness and he is not entitled to judgment as a matter of law or a new trial on this issue.

### 2. Supplemental Discovery

Mr. Stewart next argues he should be granted a new trial because Defendants failed to supplement discovery information. Mr. Stewart claims that he was blindsided at trial by the names of unknown people involved in the review processes of his disciplinary infractions and disciplinary hearing decisions. Mr. Stewart argues he was not aware that other people reviewed his disciplinary infraction report (Trial Exhibit 111) and disciplinary hearing decision (Trial Exhibit 112) because Defendants did not disclose those documents. Mr. Stewart argues he was not able to name these people as Defendants as a result of the failure to disclose. He contends Defendants had an obligation to supplement their initial disclosures to name these individuals as persons who might have information regarding his claims.

As Defendants point out, Mr. Stewart's own exhibits provide the basis for this argument. Both Exhibits 111 and 112 have a signature on the line for "administrative review." Mr. Stewart easily could have filed discovery requests to determine who signed these documents and whether any other officers were involved in the discipline at issue. He apparently did not. The Court finds that the alleged failure of Defendants to supplement discovery information to identify other individuals who may have reviewed the discipline at issue did not improperly

prejudice Mr. Stewart to the extent that he would be entitled to judgment as a matter of law or a new trial.

### 3. Compensatory Damages

Third, Mr. Stewart contends the jury could not have found as a matter of law that Defendants did not injure Mr. Stewart. He claims that Defendants' violation of his First Amendment rights entitles him to compensatory damages. He argues that the damages instruction or verdict form likely misled the jury. He contends the finding of a constitutional right violation itself creates an injury that entitled him to an award of damages. As such, he claims that he is entitled to judgment as a matter of law or a new trial on damages. (Doc. 177 at 4.)

An award of nominal damages seems to provide a nominal sum to vindicate a plaintiff where a defendant's misconduct did not cause actual, provable injury. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n. 11 (1986). Nothing requires a jury to award compensatory damages simply because it found a First Amendment violation. *Id.* at 308-09.

The Court declines to find that the jury's verdict proved contrary to the clear weight of the evidence. Mr. Stewart is not entitled to judgment as a matter of law or a new trial on this issue.

### 4. Punitive Damages

Fourth, Mr. Stewart argues the jury erred by not awarding punitive damages. He contends that Defendants either acted in good faith or that they acted with complete indifference to his rights. He argues that the jury also should have awarded punitive damages because the jury found that Officer Weaver had not acted in good faith. (Doc. 177 at 4-5.)

"A jury may award punitive damages under § 1983 if a defendant's conduct was driven by evil motive or intent, was malicious or oppressive, or when it involved a reckless or callous indifference to the constitutional rights of others." *Hernandez v. Skinner*, 383 F.Supp.3rd 1077, 1087 (D. Mont. 2019) (*citing Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005)). The jury reasonably could have found that Officer Weaver had not acted in good faith, but that his conduct had not been malicious, oppressive, or that he acted in reckless disregard of Mr. Stewart's rights. The Court declines to find that the jury's finding on this issue proved contrary to the clear weight of the evidence. Mr. Stewart is not entitled to judgment as a matter of law or a new trial on this issue.

### 5. Good Faith Defense

Fifth, Mr. Stewart argues that Defendants waived their good faith defense because they did not assert it in their motion for summary judgment. Defendants

timely raised the good faith defense in Defendants' Answer (Doc. 18 at 10) and it was not waived.

Mr. Stewart also argues that that the jury could not have found for any defendant on the issue of good faith and that Court failed to instruct the jury properly regarding the good faith defense. He argues that the factors in *Clement v. City of Glendale*, 518 F.3d 1090 (9th Cir. 2008), represent necessary factors for this defense. To the contrary, as stated in *Cook v. Brown*, 364 F.Supp.3d 1184 (D.Or. 2019):

> Nowhere does *Clement* characterize any of these "factors" as "necessary." And what Plaintiffs characterize as "factors" are simply the circumstances that, in totality, persuaded the *Clement* court to find the good faith defense to be appropriate.

*Cook*, 364 F.Supp.3d at 1192 n.3.

The Court based its jury instructions on applicable Ninth Circuit law and were not erroneous. The Court sees no basis to overturn the jury's verdict.

## II. Motion for Transcripts

Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which a court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States

of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c). Here, the Ninth Circuit has not informed the Court that this action requires the printing of the record on appeal.

Second, 28 U.S.C. § 753(f) allows a court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is reasonably debatable." *Tuggles v. City of Antioch*, 2010 WL 3955784 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted); *Washburn v. Fagan*, 2007 WL 2043854, *2 (N.D. Cal., July 12, 2007) (citations and internal quotations omitted). The existence of any doubt as to the merits requires a court to resolve the issue of providing a transcript at government expense in favor of the appellant. *Washburn*, 2007 WL 2043854 at *2.

Given the legal issues in this case, the Court cannot say that an appeal would

not be taken in good faith and it appears the transcript would be needed to decide any issue raised on appeal. The Court will grant Mr. Stewart's motion.

### III. Motion for Notice of Appeal

Mr. Stewart has filed a Motion for Notice of Appeal asking that his Notice of Appeal go into effect upon the Court's resolution of his post-trial motions. The Court having made a determination on those motions, the Clerk of Court will be directed to file Mr. Stewart's Notice of Appeal (Doc. 182-1) and process the appeal.

### IV. Motion for Clarification on Requested Injunctive/Declaratory Relief

Mr. Stewart has filed a motion for clarification requesting that the Court grant his request for injunctive relief to have his guilty finding arising from the June 30, 2015, informal grievance removed from his prison record. (Doc. 183.) Defendants argue that Mr. Stewart's transfer from Crossroads Correctional Facility years ago renders the matter moot. Defendants further argue that they no longer possess Mr. Stewart's disciplinary record. Defendants also contend that disciplinary findings only stay on Mr. Stewart's prison record for classification purposes for three years and more than three years have elapsed from the disciplinary finding. (Doc. 187.)

Mr. Stewart's transfer from Crossroads to Montana State Prison renders moot any of his claims against the CoreCivic Defendants for injunctive relief. *See*

11

*Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (*citing Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (holding prisoner's claims for injunctive and declaratory relief relating to prison conditions are rendered moot by his transfer to another facility). The Court will deny the motion.

## V. Application for Taxation of Costs

Rule 54 of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 n. 12 (9th Cir. 2003). Rule 54(d) provides no guidance, however, on how to determine the prevailing party in instances of a mixed verdict. *See* Fed. R. Civ. P. 54(d)(1).

Defendants argue that Mr. Stewart does not qualify as the prevailing party for purposes of billing costs. Although Rule 54 creates a presumption favoring granting costs to the prevailing party, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).

A "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police*

*Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (quotation omitted).  A party need not prevail on all of its claims to be found the prevailing party, and prevailing party status "does not turn on the magnitude of the relief obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *San Diego Police Officers' Ass'n*, 568 F.3d at 741.  Generally, a plaintiff who wins even nominal damages is considered the prevailing party.  *See, e.g., Farrar*, 506 U.S. at 113 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.").  However, a "technical victory may be so insignificant . . . as to be insufficient to support prevailing party status." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

Mr. Stewart stands as the prevailing party here.  Mr. Stewart successfully established that Defendants violated his First Amendment rights by disciplining him for filing the grievance at issue.  Qualified immunity shielded the Department of Corrections Defendants from liability. Defendant Arnold was entitled to the good faith defense. The jury found Officer Weaver liable for the First Amendment violation at issue.  The Court does not view the jury's verdict as a "technical victory" for Mr. Stewart. The jury's verdict entitles Mr. Stewart to costs.

Defendants do not otherwise oppose the specific costs sought by Mr. Stewart. Accordingly, the Court will award Mr. Stewart costs in the amount of $558.80.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Stewart's Motion for Judgment as a Matter of Law or New Trial (Doc. 176) is **DENIED**.

2. Mr. Stewart's Motion for Transcripts (Doc. 179) is **GRANTED**. The Clerk of Court's Office is directed to procure and pay for Mr. Stewart's copy of the trial transcript from December 2, 2019 through December 3, 2019.

3. Mr. Stewart's Motion for Notice of Appeal (Doc. 182) is **GRANTED**. The Clerk of Court is directed to process Mr. Stewart's Notice of Appeal (Doc. 182-1) upon the filing of this Order.

4. Mr. Stewart's Motion for Clarification (Doc. 183) is **DENIED**.

5. Mr. Stewart's Application for Taxation of Costs (Doc. 184) is **GRANTED** and he is awarded costs in the amount of $558.80.

Dated this 21st day of January, 2020.

_____
Brian Morris
United States District Court Judge